UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ARRIGO BROS. CO. OF CALIFORNIA, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, a State Administrative Agency,<br><br>　　　　　　Defendant. | CASE NO. 07-CV-0707 BEN (CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>**[D.E. 4, 5, 11]** |

Plaintiff D'Arrigo Bros. Co. of California ("Plaintiff") seeks to enjoin Defendant State of California Agricultural Labor Relations Board ("ALRB" or "Defendant") from ordering Plaintiff to participate in compulsory interest arbitration. Plaintiff premises this present action on the possibility that the final decision resulting from this administrative process *could* potentially raise issues implicating the preemptive effect of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1001, *et seq*. The administrative procedure that Plaintiff seeks to enjoin commenced on May 10, 2007, and continues to this date. Presently before the Court is Defendant's Motion to Dismiss. (Doc. No. 4.) For the following reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

# I. DISCUSSION

## A. Legal Standard

Defendant has moved to dismiss Plaintiff's entire suit under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution." *William St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "Like other challenges to a court's subject matter jurisdiction, motions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6)." *Id.*

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and possess 'only that power authorized by Constitution and statute.'" *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005). Limits upon federal jurisdiction must not be disregarded or evaded. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation and citation omitted). It is the burden of plaintiffs to persuade the Court that subject matter jurisdiction exists. *See Hexom v. Oregon Dept. of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).

## B. Analysis

Congress enacted ERISA, 29 U.S.C. § 1001 et seq., as a comprehensive legislative scheme "to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). By enacting such a broad scheme, Congress also sought to protect employers by "eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Id.* at 99. To further this goal of nationwide consistency, Congress included a preemption clause,

section 514(a)[1] that is "conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). However, ERISA's preemption provision is not without limits. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 740 (1985) (noting the presumption that Congress did not intend to preempt areas of traditional state regulation).

A state law relates to an ERISA employee benefit plan "if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 97; *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 646 (1995). However, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21; *Aloha Airlines, Inc. v. Ahue*, 12 F.3d 1498, 1504 (9th Cir. 1993). Given that the analysis is factually driven, it is not presently apparent whether the current ALRB administrative matters will or will not produce a final order that is subject to ERISA preemption. For this reason, Plaintiff seeks relief based on a patently unripe claim.

The purpose of the ripeness doctrine is to avoid premature judicial review of administrative action. "Judicial intervention in uncompleted administrative proceedings, absent a statutory mandate is strongly disfavored." *Bakersfield City School District v. Boyer*, 610 F.2d 621, 626 (9th Cir.1979). Given that the pending ALRB administrative proceedings and/or related agency action have not yet ripened into an actual case or controversy, the Court grants Defendant's Motion to Dismiss.

---

[1] Section 514(a) provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); see also 29 U.S.C. § 1002(1) (defining employee benefit plans).

## II.   CONCLUSION

For the reasons discussed above, the Court grants Defendant's Motion to Dismiss. (Doc. No 4).   Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Motion to Intervene by the United Farm Workers of America (Doc. No. 5) and Plaintiff's Motion for a Preliminary Injunction (Doc. No. 11) are therefore denied as moot. **IT IS SO ORDERED.**

DATED:  June 7, 2007

_____
Hon. Roger T. Benitez
United States District Judge